## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT BOWLING GREEN

**JOHNNY J. POE**                                                                                                **PETITIONER**

**v.**                                                              **CIVIL ACTION NO. 1:07CV-P21-M**

**DENNIS PRATER**                                                                                              **RESPONDENT**

### MEMORANDUM OPINION

Petitioner Johnny J. Poe sent a handwritten filing to the Clerk of this Court, asking that the filing be docketed with a federal judge and be construed as a writ of mandamus. Petitioner reports that he is a state prisoner being held under federal jurisdiction.[1] He explains that while on probation in Ohio, he came to Kentucky, where he was "picked up on a fugitive from justice charge." He reports appearing in court in Salyersville, Kentucky before Judge Dennis Prater,[2] who told Petitioner that if Petitioner "signed extradition papers then Ohio had until Dec. 18 to pick [Petitioner] up, if not [Petitioner] was to be released." He asks whether Judge Prater's ruling is "still good."

Petitioner asks this Court to construe his action as one seeking mandamus relief. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." In the present case, Petitioner does not ask this Court to compel any officer, employee, or agency of the United States to perform any duty owed him.

---

[1] Petitioner advises that the U.S. Marshals are transporting him under federal jurisdiction and that he is currently incarcerated at the Grayson County Detention Center.

[2] In his handwritten, two-page filing, Petitioner does not identify a respondent. The docket sheet, however, lists Judge Prater as Respondent. Because mandamus relief is not warranted, consideration of the proper respondent is unnecessary. However, should Petitioner wish to file a habeas action, the Court notes that the proper respondent is "the state officer having custody." Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts.

While he mentions that the U.S. Marshals are transporting him, he does not ask that the Marshals be compelled to perform any duty. Moreover, while he mentions a state court judge, he does not ask this Court to compel the state official to perform any act, and "[i]n any event, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Haggard v. State of Tenn.*, 421 F.2d 1384, 1386 (6th Cir. 1970). Consequently, the request for mandamus relief will be denied and the action dismissed by separate order.

To the extent that Petitioner may seek to challenge his extradition and the legality of his detention in the asylum state of Kentucky, such a challenge must be made by filing a petition for writ of habeas corpus. *See Barton v. Norrod*, 106 F.3d 1289, 1298 (6th Cir. 1997) ("A fugitive can challenge extradition by petitioning for a writ of habeas corpus, but the purpose of the writ is very limited because it only affects his detention in the asylum state."). <u>The Clerk of Court is directed to send Petitioner a form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 should Petitioner wish to file a habeas action</u>.

Date:

cc: Petitioner, *pro se*
4414.005